

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 7, 1961

Honorable O. B. Ellis, Director
Texas Department of Corrections
Huntsville, Texas

Opinion No. WW-1135

Re: Calculation of pay rate of
employees of Texas Department
of Corrections in classified
positions who live in prison
houses and receive emoluments
as provided by the General
Dear Mr. Ellis:                 Appropriation Bill.

Your request for an opinion is as follows:

"The new Appropriation Bill provides that
the application of the Position Classification
Plan shall not result in the reduction of a
State employee's salary rate.

"The new Appropriation Bill provides that
emoluments be taken into consideration along
with monetary remuneration in fixing the sal-
aries of employees of this Department in clas-
sified positions.

"House Bill 4 of the 56th Legislature
provides that certain employees shall live
in State houses and receive utilities and
prison-produced food. There is no difference
in the value of the emoluments received by
employees of this Department at the present
time under House Bill 4 of the 56th Legis-
lature and what they will receive when the
new bill becomes effective September 1.
The only difference in the setup today and
that of September 1 is that emoluments will
be taken into consideration in fixing
salaries.

"The Texas Board of Corrections has
approved a method of establishing values to
be charged various employees for emoluments.

We had arrived at the following method of fixing
the cash compensation of all employees in classi-
fied positions entitled to receive emoluments.
Take the present cash salary received and add
to that amount the value of the emoluments; then
apply the classification plan. To the total of
the cash consideration plus emoluments we would
add either one step or the amount required to
bring the total of salary and emoluments up to
the minimum of his pay group, whichever is the
greater.

"If the sum total of cash and emoluments
falls between the minimum and maximum in the
designated pay group, we would add either one
full step or the amount required to bring the
salary to the maximum in the range if such
amount is less than one full step.

"In the event the value of the cash con-
sideration plus emoluments exceeds the maximum
of the range the employee would not receive an
increase but would continue to receive the
present rate of pay because the appropriation
bill provides that no incumbent shall take a
reduction in pay.

"The cash pay of an incumbent under the
new setup September 1 would be the total ar-
rived at as outlined above, less the value of
the emoluments.

"In the case of a position becoming open
after September 1, the salary of the new em-
ployee would be governed by the hiring policy,
or to be more specific, would be a figure not
greater than the middle step in the classifi-
cation range less the value of the emoluments.

"WE RESPECTFULLY REQUEST YOUR OPINION AS
TO THE FOLLOWING:

"A.   IS THE METHOD OF ARRIVING AT THE CASH
      CONSIDERATION PAID EACH EMPLOYEE LIVING
      IN PRISON HOUSING AS OUTLINED ABOVE
      CORRECT?

"B.   SINCE THE EMOLUMENTS RECEIVED BY THE
      EMPLOYEES IN QUESTION ARE THE SAME IN
      THE PRESENT BIENNIUM AS THEY WILL BE
      IN THE NEW BIENNIUM, IS IT NOT TRUE

Honorable O. B. Ellis, page 3 (WW-1135)

> THAT ANY REDUCTION IN MONETARY COMPENSA-
> TION UNDER WHAT THE EMPLOYEE IS NOW RE-
> CEIVING IN CASH WOULD BE IN CONFLICT WITH
> THE PROVISIONS OF THE NEW ACT?
>
> "C.  SINCE THERE IS NO DIFFERENCE IN THE EMOL-
> UMENTS THAT THE EMPLOYEES ARE NOW RECEIVING
> UNDER THE PROVISIONS OF HOUSE BILL 4 OF
> THE 56TH LEGISLATURE AND THOSE PROVIDED
> BY THE NEW ACT, WOULD NOT EACH EMPLOYEE
> INVOLVED BE ENTITLED TO A STEP INCREASE
> IN SALARY, A PRO-RATED AMOUNT, OR NO IN-
> CREASE AT ALL AS OUTLINED ABOVE IN AC-
> CORDANCE WITH THE NEW ACT?
>
> " . . ."

You have advised this office that the positions involved are the positions designated as Wardens IV on page III-45 of the new General Appropriation Act, effective September 1st.

Pursuant to our request for additional information, the Legislative Budget Director has provided this office with the following information:

The present salary of Warden IV, Ramsey Prison Unit, is

|  |  |
|---|---|
| Base Salary - | $6,000.00 |
| Efficiency Supplement - | 1,500.00 |
| Estimated Value of Emoluments - | 1,600.00 |
| Total Compensation | $9,100.00 |

The present salary of Warden IV, Eastham Prison Unit is

|  |  |
|---|---|
| Base Salary - | $6,000.00 |
| Efficiency Supplement - | 1,500.00 |
| Estimated Value of Emoluments - | 1,548.00 |
| Total Compensation | $9,048.00 |

The present salary of Warden IV, Smithers Prison Unit,

|  |  |
|---|---|
| Base Salary - | $7,500.00 |
| Estimated Value of Emoluments - | 1,600.00 |
| Total Compensation | $9,100.00 |

The Executive Director of the Legislative Budget Board has stated that the foregoing calculations were taken from a copy of the Department's payroll for July, 1961 in the Comptroller's Office and it is assumed that those same rates will be in existence as of August 31st, 1961 and, further, that the value of the emoluments were those approved by the Board of Corrections and taken from the Board's biennial budget submission, schedule 4, page 214.

Section 2 of House Bill 189, Acts of the 57th Legislature, chapter 123, page 238 (codified in Vernon's as Article 6252-11, V.C.S.), setting up the position classification plan for all regular full time salaried employments within the departments and agencies of the State (with certain exceptions not material here) provides in part as follows:

"It is further provided, however, that no employee who is presently employed by the State shall be paid less through the application of this Act than the salary he received in accordance with the provisions of House Bill No. 4, Acts of the Fifty-sixty Legislature, Third Called Session, 1959, or the minimum of the appropriate salary range specified in the General Appropriations Act effective September 1, 1961, whichever is the higher, so long as said employee remains in such classified position under the Position Classification Plan."

Thus, the pre-existing law for the position classifications contained in the new General Appropriation Bill prescribes that the application of the classification plan shall not reduce any employee's present salary. In carrying out this policy, the Legislature has provided in the riders to the appropriation of the Department of Corrections (page III-47a):

"It is the intent of the 57th Legislature that application of the Position Classification Plan shall not result in the reduction of a State employee's salary rate under that provided in H.B. 4, 56th Legislature, 3rd C.S., therefore the efficiency supplements paid from the Prison Sales and Fees Account and the supplements paid from the Educational and Recreational Fund during the fiscal year ending August 31, 1961, and which were filed with the Comptroller, shall be included in determining an employee's salary for the fiscal year ending August 31, 1961.

"It is also provided that prison security personnel, paid as construction supervisors out of the building appropriation during the summer months of 1961, shall be reinstated to their proper job title under this appropriation without reduction in salary rate, but with no increase in salary rate or emoluments."

Similar provisions are contained on page III-3, reading as follows:

"For the purposes of the Classification Plan, the Adjutant General shall set a fair value on emoluments granted, and this value shall be considered along with the monetary remuneration for each position, in conforming with the Position Classification Plan and the rates of pay governed by the Special Provisions in Article III, Section 13 of this Act. The Adjutant General shall maintain with the State Comptroller a current record showing name, job title and amount of each employee's emoluments."

and on page III-66a, reading as follows:

"For the purposes of the Classification Plan, the Game and Fish Commission shall set a fair value on emoluments granted, and this value shall be considered along with the monetary remuneration for each position, in conforming with the Position Classification Plan and the rates of pay governed by the Special Provisions in Article III, Section 13 of this Act. The Commission shall maintain with the State Comptroller a current record showing name, job title and amount of each employee's emoluments."

It is our opinion that the foregoing quotes from the General Appropriation Act are sufficient to reveal that it was the intent of the Legislature in carrying out the Position Classification Plan provided for in House Bill 189, supra, that no employee's compensation would be reduced through the application of the Position Classification Plan.

The classification salary schedule for Warden IV (employees involved in your request) is allocated to salary Group 18, which reads as follows:

"CLASSIFICATION SALARY SCHEDULE

| "Group | 1 Min. | 2 - | 3 Midpoint | 4 - | 5 Max. | Step Increment |
|--------|--------|-----|------------|-----|--------|----------------|
| " . . . | | | | | | |
| "18 | $7320 | $7650 | $7980 | $8310 | $8640 | $330 |
| " . . ." | | | | | | |

Since the above quoted provisions of the General Appropriation Bill, page III-47a, require the inclusion of supplemental payments, including emoluments, to be included in calculating annual salary rates and since the minimum salary rates calculated above exceed the maximum salary rate prescribed in Group 18, you are advised that in compliance with the special rider to the Department of Corrections, the compensation of Wardens IV from and after September 1st is $7,500.00 cash, plus emoluments "but with no increase in salary rate or emoluments" during the next biennium (Page III-47a of Senate Bill 1, Acts of the 57th Legislature, First Called Session). Therefore, it is our opinion that in those instances where the total compensation of a State employee as of August 31, 1961 exceeds the maximum rate of the range to which the employee is assigned in the Position Classification Plan, the State employee shall be paid not less than the total compensation paid on August 31st, 1961.

## S U M M A R Y

In those instances where the total compensation of a State employee as of August 31, 1961 exceeds the maximum rate of the group to which the employee is assigned in the Position Classification Plan, the State employee shall be paid not less than the total compensation paid on August 31st, 1961.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
Assistant

JR:dhs

Honorable O. B. Ellis, page 7 (WW-1135)

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman
William E. Allen
Gordon Cass
Robert T. Lewis
Jack Goodman

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Howard W. Mays